UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, et al.,<br><br>Defendants. | Case No. 1:21-cv-00346-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS FRIVOLOUS**<br><br>21-DAY DEADLINE |

Lyralisa Lavena Stevens is a state prisoner proceeding *in forma pauperis* in this action. Her complaint is before the Court for screening pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2). For the reasons set forth below, the Court finds that the complaint is frivolous. Therefore, the Court recommends that this case be dismissed without leave to amend.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss such complaints or portions thereof, as well as complaints filed by *in forma pauperis* plaintiffs, if the complaint raises claims that are frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a

cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.   PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

On July 28, 2017, Plaintiff initiated *Stevens v. Beard, et al.*, No. 1:17-cv-01002-AWI-SAB (E.D. Cal.).[1] On March 28, 2019, District Judge Anthony W. Ishii granted a motion to dismiss the action. *Id.* (Doc. 38). Plaintiff appealed the dismissal on April 22, 2019. *Id.* (Doc. 40). The appeal is still pending.

On March 1, 2021, Plaintiff initiated the present action. (Doc. 1.) She alleges that Judge Ishii committed a felony by denying Plaintiff a jury trial in *Stevens v. Beard*. (*Id.* at 8.) She also alleges that former California Secretary of State Alex Padilla violated the False Claims Act "by refusing to file Plaintiff['s] UCC Financing Statements." (*Id.*) She contends that Judge Ishii, former Secretary Padilla, and former California Attorney General Xavier Becerra are liable for more than $900 million in damages. (*Id.*) In addition to these individuals, Plaintiff names nine assistant or deputy attorneys generals as defendants. (*Id.* at 3-5.)

A complaint is frivolous within the meaning of 28 U.S.C. § 1915 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may . . . dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke*, 490 U.S. at 327). "The critical

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

inquiry is whether a . . . claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).

Plaintiff's complaint is legally frivolous. Plaintiff's allegations amount to no more than a disagreement with the court's dismissal of *Stevens v. Beard*. Although Plaintiff has the right to appeal the dismissal, as she has done, the dismissal by itself provides no arguable legal grounds for a damages action against the case's presiding judge, the secretary of state, or the defendants' attorneys. Plaintiff's contention that Judge Ishii committed a felony or that former Secretary Padilla violated the False Claims Act do not have even an arguable basis in law or fact. Moreover, "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citation omitted). Plaintiff's complaint is wholly without merit, and the Court cannot identify any possible cognizable claim that Plaintiff could establish if granted leave to amend.

**IV.     CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, the Court finds that Plaintiff's complaint is frivolous and cannot be cured by amendment. Therefore, the Court RECOMMENDS that this action be DISMISSED without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (when a case is "frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend").

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

///

1 Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2021**                        _ **/s/ Jennifer L. Thurston**
                                                                         CHIEF UNITED STATES MAGISTRATE JUDGE